UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHRISTINE ROUSSEL,                            :

                            Plaintiff,        :        08 Civ. 3690 (GEL)

            - against -                        :

                                               :        **Answer**

WILLKIE FARR & GALLAGHER LONG TERM            :
DISABILITY INCOME PLAN and CIGNA LIFE
INSURANCE COMPANY OF NEW YORK f/k/a INA       :
LIFE INSURANCE COMPANY OF NEW YORK,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


        Defendants CIGNA Life Insurance Company of New York ("CLICNY" or "CIGNA")

and Willkie Farr & Gallagher Long Term Disability Plan ("Plan") (together, "Defendants"), by

their attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for their Answer to

plaintiff's Complaint ("Complaint"), responds as follows:

#### JURISDICTIONAL STATEMENT

1.    Defendants admit the allegations contained in paragraph "1" of the Complaint.

2.    Defendants deny that this matter is before this court for de novo judicial review under

      Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989). Defendants admit the

      remaining allegations contained in paragraph "2" of the Complaint.

3.    Defendants admit the allegations contained in paragraph "3" of the Complaint.

4.    Defendants admit the allegations contained in paragraph "4" of the Complaint.

2004105.1

NATURE OF ACTION

5.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

6.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

7.   Defendants deny that CIGNA Group Insurance has made the claims decisions in this matter. Defendants admit that benefits are administered and paid through a Long Term Disability Policy issued by Defendant CIGNA Life Insurance Company of New York.

STANDARD OF REVIEW

8.   Defendants deny the allegations contained in paragraph "8" of the Complaint.

9.   Defendants deny the allegations contained in paragraph "9" of the Complaint.

THE PARTIES

10.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

11.   Defendants admit the allegations contained in paragraph "11" of the Complaint.

12.   Defendants admit that CIGNA Life Insurance Company of New York is an insurance company licensed to conduct the business of insurance in New York and is the named

Claims Administrator. Defendants deny the remaining allegations contained in paragraph "12" of the Complaint.

STATEMENT OF FACTS

13.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

15.   Defendants admit the allegations contained in paragraph "15" of the Complaint.

16.   Defendants admit the allegations contained in paragraph "16" of the Complaint.

The Terms of the LTD Plan:

17.   Defendants admit the allegations contained in paragraph "17" of the Complaint.

18.   Defendants deny the allegations contained in paragraph "18" of the Complaint.

19.   Defendants admit the allegations contained in paragraph "19" of the Complaint.

20.   Defendants admit that Ms. Roussel was a member of Class 2 of the LTD Plan.

21.   Defendants admit the plaintiff's monthly benefit equaled 60% of her Basic Monthly Earnings reduced by "Other Benefits," including benefits received pursuant to the Social Security Act.

22.   Defendants admit that the Group Policy provided for a benefit of approximately $2,750 per month, minus "Other Benefits."

3

23. Defendants admit the allegations contained in paragraph "23" of the Complaint.

24. Defendants admit the allegations in paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in paragraph "25" of the Complaint to the extent that they are inconsistent with the language of the subject policy document, which speaks for itself.

26. Defendants admit the allegations contained in paragraph "26" of the Complaint.

27. Defendants admit the allegations contained in paragraph "27" of the Complaint.

28. Defendants admit the allegations contained in paragraph "28" of the Complaint.

29. Defendants admit the allegations contained in paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in paragraph "30" of the Complaint to the extent that they are inconsistent with the language of the subject policy document, which speaks for itself.

Plaintiff's Disability:

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

2004105.1

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint, refer the Court to the documents referenced therein, and leave the Plaintiff to her proofs with respect thereto.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

44. Defendants deny the allegations contained in paragraph "44" of the Complaint.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

#### PLAINTIFF'S FIRST CAUSE OF ACTION FOR LONG-TERM DISABILITY BENEFITS

46. Defendants admit the allegations contained in paragraph "46" of the Complaint.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

48. Defendants admit the allegations contained in paragraph "48" of the Complaint.

2004105.1

49.  Defendants admit the allegations contained in paragraph "49" of the Complaint.

50.  Defendants admit the allegations contained in paragraph "50" of the Complaint.

51.  Defendants deny the CIGNA's conclusions were erroneous. Defendants admit the remaining allegations contained in paragraph "51" of the Complaint.

52.  Defendants admit that CIGNA did not request that Plaintiff be examined by a physician of its choice.

53.  Defendants deny the allegations contained in paragraph "53" of the Complaint to the extent that they are inconsistent with the language of the letter referenced therein, which speaks for itself.

54.  Defendants admit that CIGNA's Associate Medical Director did not physically examine plaintiff. Defendants deny the remaining allegations contained in paragraph "54" of the Complaint.

55.  Defendants deny the allegations contained in paragraph "55" of the Complaint.

56.  Defendants admit the allegations contained in paragraph "56" of the Complaint.

57.  Defendants admit the allegations contained in paragraph "57" of the Complaint.

58.  Defendants admit that it notified Plaintiff that it was in the process of obtaining a peer review of Ms. Roussel's claim by letters dated December 7, 2005, January 5, 2006, and March 3, 2006.

59.  Defendants admit the allegations contained in paragraph "59" of the Complaint.

2004105.1

60. Defendants deny the allegations contained in paragraph "60" of the Complaint to the extent that they are inconsistent with the language of the report referenced therein, which speaks for itself.

61. Defendants admit that, as part of her file review, Dr. Brachman contacted Plaintiff's treating orthopedist. Defendants deny the remaining allegations contained in paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in paragraph "62" of the Complaint to the extent that they are inconsistent with the language of the letter referenced therein, which speaks for itself.

63. Defendants deny the allegations contained in paragraph "63" of the Complaint to the extent that they are inconsistent with the language of the document referenced therein, which speaks for itself.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint and leave the Plaintiff to her proofs with respect thereto.

65. Defendants deny the allegations contained in paragraph "65" of the Complaint.

66. Defendants admit that Dr. Brachman did not physically examine plaintiff. Defendants deny the remaining allegations contained in paragraph "66" of the Complaint.

67. Defendants admit that CIGNA did not request that Plaintiff be examined by a physician of its choice. Defendants deny the remaining allegations contained in paragraph "67" of the Complaint.

68. Defendants admit the allegations contained in paragraph "68" of the Complaint.

8

69. Defendants neither admit nor deny the allegations contained in paragraph "69" of the Complaint because it calls for a conclusion of law to be made by the Court.

70. Defendants deny the allegations contained in paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in paragraph "71" of the Complaint.

72. Defendants admit the allegations contained in paragraph "72" of the Complaint.

73. Defendant CIGNA admits that it provided a copy of Ms. Roussel's file by letter dated July 6, 2006. Defendants deny the remaining allegations contained in paragraph "73" of the Complaint to the extent that they are inconsistent with the language of the letter referenced therein, which speaks for itself.

74. Defendants admit the allegations contained in paragraph "74" of the Complaint.

75. Defendant CIGNA admits that, by letter dated November 28, 2006, it advised that it requested an independent peer review of plaintiff's file.

76. Defendants admit the allegations contained in paragraph "76" of the Complaint.

77. Defendants admit the allegation contained in paragraph "77" of the Complaint.

78. Defendants deny the CIGNA's conclusion was contrary to the medical evidence on file. Defendants deny the remaining allegations contained in paragraph "78" of the Complaint to the extent that they are inconsistent with the language of the letter referenced therein, which speaks for itself.

79. Defendants deny the remaining allegations contained in paragraph "79" of the Complaint to the extent that they are inconsistent with the language of the document referenced therein, which speaks for itself.

9

80. Defendants deny the allegations contained in paragraph "80" of the Complaint.

81. Defendants admit that Dr. Gerstenblitt did not physically examine plaintiff. Defendants deny the remaining allegations contained in paragraph "81" of the Complaint.

82. Defendants admit that CIGNA did not request that Plaintiff be examined by a physician of its choice. Defendants deny the remaining allegations contained in paragraph "82" of the Complaint.

83. Defendants deny the allegations contained in paragraph "83" of the Complaint.

84. Defendants deny the allegations contained in paragraph "84" of the Complaint.

85. Defendants neither admit nor deny the allegations contained in paragraph "85" of the Complaint because it calls for a conclusion of law to be made by the Court.

86. Defendants neither admit nor deny the allegations contained in paragraph "86" of the Complaint because it calls for a conclusion of law to be made by the Court.

87. Defendants admit that the claims decisions in this action were made by CIGNA Life Insurance Company of New York. Defendants deny the remaining allegations contained in paragraph "87" of the Complaint.

88. Defendants neither admit nor deny the allegations contained in paragraph "88" of the Complaint because it calls for a conclusion of law to be made by the Court.

89. Defendants deny the allegations contained in paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in paragraph "90" of the Complaint.

91. Defendants deny the allegations contained in paragraph "91" of the Complaint.

2004105.1

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted in good faith and fulfilled their duties and responsibilities to the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants or their agents or employees in the administration of any insurance plan applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

## FIFTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants or their agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendants to Plaintiff.

2004105.1

## EIGHTH AFFIRMATIVE DEFENSE

If the Court should determine the Plaintiff is entitled to disability benefits, which the Defendants deny, then pursuant to the insurance contract the Defendants are entitled to offsets for other income received by the Plaintiff, including but not limited to Social Security Disability benefits, Workers Compensation, and any benefits received from any other group disability plan.

WHEREFORE, defendants CIGNA Life Insurance Company of New York and Willkie Farr & Gallagher Long Term Disability Plan demand judgment against Plaintiff dismissing the Complaint, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:    White Plains, New York
          June 6, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _Emily Hayes_____
    Fred N. Knopf
    Emily A. Hayes
    *Attorneys for the Defendants*
    3 Gannett Drive
    White Plains, New York 10604
    (914) 323-7000

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2008, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Emily A. Hayes
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000, Ext. 4165
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com

13

2004105.1